UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JENNIFER WALDO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-00081-PLR-CCS |
| | ) | |
| CAPTAIN D'S, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Early Discovery [Doc. 4], in which the Plaintiff moves the Court to permit early discovery to be taken in this case in regard to authenticity of purported arbitration agreement. Therein, Plaintiff requests that the Court permit her to conduct discovery prior to the Rule 26(f) conference to be held in this matter on the issue of "whether or not Plaintiff executed an arbitration agreement with Defendant and the circumstances surrounding the alleged arbitration agreement." [Doc. 4 at 1].

Based on pre-suit communications, Plaintiff anticipates that Defendant will be filing a Motion to Compel Arbitration, seeking to have the claim proceed to arbitration rather than litigation. Plaintiff argues that unless Defendant waives its arbitration issue or promptly files an answer and agrees in a Rule 26(f) conference to the parties proceeding to discovery on all issues, then it is appropriate to allow discovery on this issue rather than allowing Defendant to file a pre-answer motion. Plaintiff states that Defendant's potential pre-answer motion will "arguably forestall full discovery," "effectively stop all litigation on the disputed assertion that an

arbitration agreement exists," and "prevent Plaintiff from obtaining discovery demonstrating the falsity of that assertion." [Doc. 4 at 2].

In a response filed on March 13, 2015, Defendant opposes Plaintiff's request for early discovery on the grounds that it is premature and may not be necessary. The initial Complaint was filed in this case on February 27, 2015. Defendant argues that its Answer is not yet due and it has not yet filed a Motion to Compel Arbitration. Defendant maintains that unless and until Defendant files its Answer and Motion to Compel Arbitration, Plaintiff does not know the grounds on which Defendant will support the motion and cannot accurately claim to identify any potential dispute that would warrant discovery.

Pursuant to Rule 26, discovery may commence following the completion of a Rule 26(f) discovery conference and filing of a discovery plan. See Fed. R. Civ. P. 26(d)(1). Rule 26 further directs that a Rule 26(f) conference is to be completed "as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). A court may authorize a party to take discovery before conducting a Rule 26(f) conference in the interests of justice. See Fed. R. Civ. P. 26(d); Arista Records, LLC v. Does 1-15, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts within the Sixth Circuit require a showing of good cause in order to permit such discovery. See Arista Records, 2007 WL 5254326, at *2; Best v. Mobile Streams, Inc., 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012). "Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time." Arista Records, 2007 WL 5254326, at *2-3.

At this time, this Court finds that Plaintiff has failed to make any exceptional reasoning as to a need for early discovery regarding the authenticity of purported arbitration agreement.

Plaintiff did not set forth any legal basis for the arguments supporting said motion, and therefore, this Court cannot currently conclude in its favor. This Court has found no reason discovery cannot proceed on these issues of arbitration, as well as others, after a Rule 26(f) conference. In light of the foregoing, if Defendant moves to compel arbitration, this Court will consider allowing discovery on that issue at that time.

Accordingly, the Motion for Early Discovery **[Doc. 4]** is not well-taken and **DENIED**.

**IT IS SO ORDERED.**

ENTER:

　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge